T.C. Memo. 2015-22

UNITED STATES TAX COURT

DANA KARL BATEMAN AND TRACIE LYNN BATEMAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1835-14L.                    Filed February 11, 2015.

Dana Karl Bateman and Tracie Lynn Bateman, pro sese.

<u>Louis H. Hill</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  The issue for decision is whether respondent abused his

discretion in sustaining a notice of Federal tax lien (NFTL) relating to petitioners'

2005 and 2006 (years in issue) tax liabilities.

[*2]                         FINDINGS OF FACT

Petitioners filed Federal income tax returns relating to the years in issue. On February 23, 2009, respondent sent petitioners a notice of deficiency relating to those years. Petitioners received the notice of deficiency and, on October 12, 2010, filed a petition with this Court. On May 16, 2011, the Court dismissed the petition because it was filed after the 90-day period prescribed by section 6213(a).[1]

On February 5, 2013, respondent sent petitioners a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, relating to the years in issue. Petitioners timely sent respondent a Form 12153, Request for a Collection Due Process or Equivalent Hearing. In their Form 12153, petitioners requested a collection due process (CDP) hearing and stated that "this lein is a little premature and threatens my employment". On July 18, 2013, petitioners faxed respondent a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and a March 8, 2012, letter from the Department of the Army (i.e., Mr. Bateman's employer) stating that Mr. Bateman's security clearance would be suspended.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times.

[*3] During a face-to-face CDP hearing, on November 26, 2013, Mr. Bateman informed the Appeals officer that petitioners disagreed with respondent's determination of the underlying tax liabilities relating to the years in issue. Mr. Bateman further stated that the NFTL was premature and threatened his employment. The Appeals officer discussed with Mr. Bateman the terms of a possible installment agreement, pursuant to which the NFTL eventually could be withdrawn (i.e., after petitioners paid a sufficient amount of their tax liabilities). Mr. Bateman stated that petitioners could not afford the proposed monthly payments and rejected the installment agreement. On January 15, 2014, respondent sent petitioners a notice of determination in which respondent sustained the NFTL and determined that petitioners "failed to establish grounds for withdrawal of the lien". Petitioners, while residing in Ohio, timely filed a petition with the Court.

## OPINION

Petitioners received a notice of deficiency relating to the years in issue and thus are precluded from contesting their underlying tax liabilities. See sec. 6330(c)(2)(B); Baltic v. Commissioner, 129 T.C. 178, 183 (2007). Accordingly, we review respondent's administrative determination for abuse of discretion. See Goza v. Commissioner, 114 T.C. 176, 182 (2000).

[*4]    Petitioners contend that the NFTL was filed prematurely and that respondent abused his discretion by not withdrawing it.  To establish that respondent abused his discretion, petitioners must establish that his actions were arbitrary, capricious, or without sound basis in law or fact.  See Giamelli v. Commissioner, 129 T.C. 107, 111 (2007); Woodral v. Commissioner, 112 T.C. 19, 23 (1999).  The Appeals officer reviewed the information petitioners submitted,[2] evaluated their contentions, and verified that the requirements of applicable law and administrative procedure had been met.  See sec. 6330(c).  In addition, the Appeals officer balanced the need for efficient collection of taxes with petitioners' concerns that the collection action be no more intrusive than necessary.  See sec. 6330(c)(3)(C).  Indeed, the Appeals officer raised with petitioners the possibility of an installment agreement pursuant to which the NFTL could have been withdrawn.  Petitioners, however, rejected the agreement.  Respondent reasonably determined that the NFTL was the most efficient means of protecting the public interest relating to petitioners' unpaid tax liabilities.  See id.  Furthermore, respondent determined that the NFTL was not premature and that withdrawal of the NFTL would not facilitate the collection of petitioners' tax liabilities.  See sec.

[2]The letter from the Department of the Army predated the NFTL by approximately 11 months and did not establish why Mr. Bateman's security clearance was denied.

**[*5]** 6323(j)(1)(A), (C).  In short, respondent's determination not to withdraw the NFTL was not arbitrary or capricious.  See Woodral v. Commissioner, 112 T.C. at 23.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered

for respondent.